UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 12-30224-DHW
                                                   Chapter 13
MICHAEL ANTHONY DANIEL
DEANNA CRITTENDEN DANIEL,

        Debtor.

ORDER DENYING CONFIRMATION AND
CONDITIONALLY DISMISSING CASE

The chapter 13 trustee filed an objection, as amended, to confirmation of the plan proposed by the debtors, asserting that the debtors have not met the disposable income test provided in 11 U.S.C. § 1325(b). Specifically, the trustee states that the transportation expense claimed by the debtors on Form B22C exceeds their actual expense by $255.00 per month. If this amount were included in the calculation of disposable income, it would produce an additional $15,300 over the term of the plan that could be distributed to unsecured creditors. The plan proposes to pay nothing to unsecured creditors.

The objection came on for hearing on April 9, 2012 at which time the parties submitted the objection to the court based on a stipulation of facts and briefs of law to be filed by the parties.

The parties stipulate that the debtors are "above median income" debtors with an applicable plan commitment period of five years. *See* 11 U.S.C. § 1322(d). Therefore, in calculating disposable income, the amounts reasonably necessary to be expended by the debtors are determined in accordance with § 707(b)(2). The debtors do not have any "special circumstances" changes which would warrant adjustment of their income or expenses. The debtors actual transportation expense is $325. The IRS local standard allowance is $580, a $255 difference.

The sole issue is whether, in determining projected disposable income, the debtors may deduct the full IRS Local Standard allowance for vehicle ownership and operation when their actual costs are less than the allowance.

The Supreme Court has decided a case that is virtually on all fours with the instant case. See *Ransom v. FIA Card Services, N.A.,* 131 S. Ct. 716, 178 L. Ed. 2d 603 (2011). In *Ransom*, the Court held that a debtor with no actual loan or lease payment on a vehicle may not claim the IRS ownership allowance. The court reasoned that the expense was not "applicable" because the debtor had no such expense. *Id.* at 724. Further, the Court noted that the Bankruptcy Code contemplates deduction of only amounts "reasonably necessary to be expended." *Id.* "Because Congress intended the means test to approximate the debtor's reasonable expenditures on essential items, a debtor should be required to qualify for a deduction by actually incurring an expense in the relevant category." *Id.* at 725.

In addition, in *Hamilton v. Lanning*, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010), the Supreme Court rejected the "mechanical" approach as unworkable and adopted the "forward-looking" approach in the calculation of projected disposable income. The Court noted that

> a court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses.

*Lanning*, 130 S. Ct. at 2475.

*Ransom* and *Lanning* confirm the forward-looking approach which had already been adopted in this district. See *Spears v. Reding, (In re Spears),* 415 B.R. 855 (M.D. Ala. 2009), a case with facts similar to those in the instant case.

In *Spears*, the district court concluded that "projected" disposable income means "anticipated" income. *Id.* at 857. The court held that the debtors were presumptively entitled to deduct the full ownership allowance permitted under the IRS guidelines. However, the presumption could be rebutted during the confirmation hearing "with evidence of present or reasonably certain future events that will affect the debtor's income or expenses" "as well as the debtor's actual income and expenses." *Id.* at 858. *Spears* recognized that the bankruptcy court, therefore, has some discretion "with the result that the debtor's 'projected disposable income' will end up more closely aligning with reality." *Id.* at 857.

In the instant case, the parties stipulate that the disposable income calculation based solely on Form B22C results in a disposable income of $48.69 per month. Therefore, the plan, which proposes 0% to unsecured creditors, fails the disposable income test on that ground. $48.69 per month in disposable income would yield a $2,921.40 payout to unsecured creditors over the 60-month term of the plan. If the $255 per month excess in transportation expenses were included in the calculation, the payout to unsecured creditors would increase that payout by $15,300 to $18,221.40.

In determining whether the claimed transportation deduction is presumptively correct, the court may consider "changes that have occurred in the debtor's financial circumstances as well as the debtor's actual income and expenses." *Spears*, 415 B.R. at 858. The parties stipulate that the "debtors do not have any 'special circumstances' changes which would warrant adjustment of their income or expense as listed" in Schedules I and J. *Joint Stipulation of Facts,* ¶ 5. Therefore, their actual expense is not anticipated to increase during the term of the plan but remain at $325, $255 less than the standard allowance.

The court concludes that the trustee has rebutted the presumption by producing uncontroverted evidence that the debtor's actual expense is less than the standard and that the actual expense is not anticipated to change during the term of the plan.

The debtors make three arguments against this result. First, they

argue that only a "substantial change" in the debtors' circumstances would trigger a rebuttal of the presumption. However, the court concludes from *Lanning*, *Ransom,* and *Spears* that the debtors' actual income and expenses are also relevant factors.

Second, the debtors argue that *Ransom* is distinguishable. The debtor in *Ransom* had no ownership expense, but the debtors in the instant case do. The court views this distinction as one without a difference. Further, the argument would produce an anomalous result. Debtors with a nominal ownership expense would be entitled to claim the entire allowance while debtors with no ownership expense could claim nothing.

Third, the debtors argue that the court has no discretion to deviate from the IRS Local Standard. However, this argument has been rendered moot by the adoption of the "forward-looking" approach. Accordingly, it is

ORDERED that the trustee's objection is SUSTAINED, and confirmation of the plan is DENIED. It is

FURTHER ORDERED that this case is DISMISSED effective June 28, 2012 unless the debtor amends the plan in conformance with this decision prior to the effective date.

Done this 29th day of May, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Vincent R. Ledlow, Attorney for Debtors
   Curtis C. Reding, Trustee